DREW, J.,
dissenting:
|ilf the supreme court in Lewis, supra, believed that failing to give notice to some co-owners, in and of itself, invalidated the tax sale as to all co-owners, it would have been unnecessary for the court to engage in any additional inquiry into the sufficiency of notice to the co-owner who received it. As the court wrote:
In a separate and distinct legal issue, we have to decide whether the sale was *421 rendered null and void with regard to Deola Mae Johnson James’s own interest in the property. While we have in this opinion concluded that the lack of notice received by Deola Mae’s siblings provided grounds to invalidate the sale, the question remains whether Deola Mae Johnson James’s interest has been divested, considering that contrary to what did not take place regarding Deola Mae’s siblings, the tax collector did take steps to send notice to Deola Mae. The issue, of course, is whether these steps were sufficient to satisfy the minimum requirements set forth in Mennonite and our statutory law as well.
Lewis, 2005-1192 at p. 17-8, 925 So.2d at 1182.
There is no dispute that George received proper notice. The status quo for the parties essentially remains as only the identities of the co-owners has changed.
I agree with the majority that the tax sale is clearly null and void as it pertains to the children’s undivided 1/4 interest. However, the tax sale should remain valid as it pertains to George’s 3/4 interest. Accordingly, I respectfully dissent.